IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAN DAVISON,

                    Plaintiff,         Case No. 3:07 CV 424

   -vs-

                                        MEMORANDUM OPINION
ROADWAY EXPRESS, INC.,               AND ORDER

                    Defendant.

KATZ, J.

This matter is before the Court on Defendant Roadway Express's motion for reconsideration (Doc. 50) and Plaintiff Dan Davison's opposition (Doc. 54). The Court issued a memorandum opinion and order denying summary judgment to Defendant on June 26, 2008 (Doc. 48-49).

**I. Standard of review**

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion made under Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991); *Shivers v. Grubbs*, 747 F. Supp. 434 (S.D. Ohio 1990). The purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). This rule gives the district court the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982). Generally, there are three major situations which justify a district court altering or amending its judgment: "(1) to

accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice." *In re Continental Holdings, Inc.*, 170 B.R. 919, 933 (Bankr. N.D. Ohio 1994); *Braun v. Champion Credit Union*, 141 B.R. 144, 146 (Bankr. N.D. Ohio 1992), *aff'd*, 152 B.R. 466 (N.D. Ohio 1993); *In re Oak Brook Apartments of Henrico County, Ltd.*, 126 B.R. 535, 536 (Bankr. S.D. Ohio 1991). It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal. *Dana Corp. v. United States*, 764 F. Supp. 482, 488-89 (N.D. Ohio 1991); *Erickson Tool Co. v. Balas Collet Co.*, 277 F. Supp. 226 (N.D. Ohio 1967), *aff'd*, 404 F.2d 35 (6th Cir. 1968).

**II. Defendant's objections**

    **A. Dr. Dombeck's notes**

Defendant takes issue with this Court's consideration of the notes of Dr. Dombeck. It is first notable that Defendant itself attached these notes to its motion for summary judgment, *see* Doc. 37-7, and discussed the notes in its memoranda in favor of summary judgment, *see* Doc. 37, 44. Defendant never raised the issue of hearsay with regard to the notes in its original memoranda (even though Defendant did make a passing mention of hearsay with regard to other evidence). Defendant produced the records in a deliberate manner via a third party court reporter, and then attached the records to its motion for summary judgment. Defendant may not now try to re-litigate the issue because the Court did not view the evidence Defendant produced in the same light as Defendant viewed it. The Court is not required to reconsider the issue because Defendants missed it, if there even is an issue. This argument does not meet the requirements that make a decision worthy of reconsideration.

Even if the Court were to reconsider the hearsay issue, the notes fall under hearsay exception. First, Fed. R. Evid. 803(6) states: "A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses…" is not excluded by the hearsay rule. These documents relating to the information being faxed to Defendant clearly fall within this exception as Dr. Dombeck was merely recording the events as they were taking place. *See Ky. Cent. Life Ins. Co. v. Jones*, 1993 U.S. App. LEXIS 21976 (6th Cir. Aug. 27, 1993) (stating medical notes fall within the hearsay exception of Fed. R. Evid. 803(6) – Records of Regularly Conducted Activity).

Second, the notes contained in these records also fall under the exception contained in Fed. R. Evid. 803(1) – Present Sense Impression. *See State v. Goodman*, 1992 Ohio App. LEXIS 2166 (Ohio Ct. App. Apr. 21, 1992) (notes contained in doctor's medical records constitute present sense impressions under Ohio Evid. R. 801(D)(1)).

Defendant further re-argues that the notes "cannot be read to indicate that Dr. Dombeck faxed notice to Roadway prior to Davison's separation . . . ." Doc. 50 at 5. As the Court stated in its memorandum opinion, the notes did not definitively establish any fact, but rather provided an ample basis for finding the existence of a genuine issue of material fact. That, as stated, is the standard the Court applied. Defendant naturally disagrees with the Court's assessment, but that is an issue for appeal rather than reconsideration, as Defendant has provided no new evidence or law to suggest that the Court's opinion was mistaken.

**B. Notice via third parties**

Additionally, Defendant complains that the FMLA does not require it to contact third parties. However, again, as stated in the memorandum opinion, the FMLA does require the

employer "to obtain any additional required information through informal means," and provides that "[t]he employee or spokesperson will be expected to provide more information when it can readily be accomplished as a practical matter, taking into consideration the exigencies of the situation." 29 C.F.R. § 825.303(b). The situation was that Defendant was receiving information from Dr. Dombeck, not from Plaintiff, and Plaintiff referred a caller to Plaintiff's attorney. It would certainly have been reasonable and practical for Defendant to follow up with either Dr. Dombeck or Plaintiff's attorney. *See also* 29 C.F.R. § 825.305(d). Defendant further admits that, had such communication been successful, the basis for this entire litigation might have been avoidable.

### C. Temporal proximity

Finally, Defendant claims that the Court erred in relying too heavily on temporal proximity in its analysis of Plaintiff's case for pretext and Plaintiff's initial prima facie case.

#### 1. Pretext

Defendant complains that the Court did not specifically apply the pretext standard. In noting that "a plaintiff may not present a prima facie retaliation case based solely on temporal proximity, especially **when a plaintiff's claim is otherwise weak**," *Matricardi v. Astro Shapes, Inc.*, Case No. 4:04-CV-1317, 2007 WL 2902918 (N.D. Ohio Sept. 29, 2007) (emphasis added), the Court noted factual allegations that in fact bolster the non-temporal aspects of Plaintiff's claims:

> [A] policy that rewards supervisors for low worker's compensation payouts . . . . Defendant does not dispute that Nietz, as Davison's supervisor, would be evaluated in part on his ability to keep workers' compensation payments below a target number, or that bonuses are paid to employees who limit the number of worker's compensation payouts. These factors, however effective they may be at limiting workplace injuries, do not favor Defendant's position.

4

Doc. 48 at 17. Again, Defendant argues that pretext has not been explicitly established, and again the Court reminds Defendant that the standard to be applied is that utilized in determining the appropriateness of granting or denying summary judgment. The factual allegations listed above and in the Court's opinion provide enough support to establish a genuine issue of material fact with regard to the extent to which there was another actual motivation to avoid Plaintiff's worker's compensation claims or payments. Showing a genuine issue of material fact with regard to actual motivation sufficiently meets the burden with regard to pretext and is a basis for the denial of summary judgment.

### 2. Prima facie case

Defendant also argues that temporal proximity in this case is not enough alone to raise a genuine issue of material fact with regard to Plaintiff's prima facie retaliation case. The Court cited ample authority in its Memorandum Opinion to explain the law on this issue, and it is not suitable for re-litigation. That said, a close reading of the case on which Defendant relies, *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516 (6th Cir. 2008), does not show it to be dispositive of the case before this Court. The *Mickey* court reaffirmed the principle that temporal proximity alone could raise an inference of retaliation.[1] *Id*. at 523-24. The court also noted that, where some time

---

[1] In analyzing the entire issue of causation, the *Mickey* court appeared to suggest it was applying the Michigan state law standard, rather than the Ohio or federal standard, for state law retaliation claims such as that alleged by Mickey.

> Although Michigan courts assess claims of retaliation under [Michigan's Elliott-Larsen Civil Rights Act] using the same general framework as that used by federal courts, *see West v. General Motors Corp.*, 469 Mich. 177, 665 N.W.2d 468, 471-73 (Mich.2003) (citing federal cases), the standard for causation is higher. The Michigan Court of Appeals has held that "[t]o establish causation, the plaintiff must show that his participation in activity protected by the [EL]CRA was a 'significant factor' in the employer's adverse employment action, not just that there

(continued...)

5

has elapsed between the protected activity and the adverse action, other evidence could bolster the temporal proximity in support of an inference of retaliation. In this case, as noted above and in the opinion, such evidence was propounded by Plaintiff and was considered by the Court.

**III. Conclusion**

For the reasons stated herein, and in the Court's Memorandum Opinion, Defendant's motion for reconsideration is denied. (Doc. 50.)

IT IS SO ORDERED.

                                                s/ *David A. Katz*
                                                DAVID A. KATZ
                                                U. S. DISTRICT JUDGE

---

[1](...continued)
was a causal link between the two." *Barrett v. Kirtland Cmty. Coll.*, 245 Mich.App. 306, 628 N.W.2d 63, 70 (Mich.Ct.App.2001).
*Mickey*, 516 F.3d at 523 n.2.